IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Maurice Kenney, et al, | : | |
| | : | Case No. 1:22-CV-295 |
| Plaintiff(s) | : | |
| | : | Judge Michael R. Barrett |
| v. | : | |
| | : | **JOINT DISCOVERY PLAN** |
| | : | |
| City of Cincinnati, et al., | : | RULE 26(f) REPORT |
| | : | |
| Defendant(s) | : | |
| | : | |

Now come all parties to this case, by and through their respective counsel, and hereby jointly submit to the Court this Joint Discovery Plan, pursuant to the Court's Trial Procedure Order. The parties conducted their discovery conference on May 10, 2024.

**A.    MAGISTRATE CONSENT**

The Parties:

☐    unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. ' 636 (c).

**X**    do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. ' 636 (c).

☐    unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. ' 636 (c), for trial purposes only, in the event that the District Judge assigned is unavailable on the date set for trial (e.g. because of other trial settings, civil or criminal).

B. **RULE 26(a) DISCLOSURES**

☐ The parties have exchanged pre-discovery disclosures required by Rule 26(a)(1).

**X** The parties will exchange such disclosures by June 28, 2024.

☐ The parties are exempt from disclosures under Rule 26(a)(1)(E).

NOTE: Rule 26(a) disclosures are <u>not</u> to be filed with the Court.

C. **DISCOVERY ISSUES AND DATES**

1. Discovery will need to be conducted on all aspects of liability and damages, including the curfew and enforcement thereof, including without limitation: policies, procedures and practices applicable to and/or actually used for enforcement; rules of engagement, use of force, crowd management; transport of prisoners and conditions of confinement; processing of prisoners; arrest and charging decisions; criminal proceedings. Discovery will also need to be conducted on damages including, without limitation, physical and psychological injuries, lost wages, and damaged or lost property.

2. The parties are in disagreement with respect to bifurcation of discovery.

    Defendants propose that discovery should first focus on class certification, next on liability, and finally on damages.

    Plaintiffs submit that discovery need not be bifurcated. Limitations on discovery will create potential for disputes about whether particular items fall within the proper scope. Limitations on discovery will also cause inefficiency and redundancy in that witnesses will have to be deposed repeatedly in order to address subjects deferred until after class certification. This will increase litigation costs and will unnecessarily burden party resources.

    Further, this case was filed nearly two years ago, and the passage of additional time before liability discovery creates substantial risk that memories may lapse, or documents or data may be lost or deleted. There are numerous classes of items such as body worn camera footage, use of force reports and internal reports, and policies and procedures, which are readily available from Defendants. Accordingly, Plaintiffs oppose bifurcation.

3. Disclosure and reports of experts:

> The parties will propose a final case management schedule, including deadlines for disclosure of fact witnesses, expert reports, and final discovery cutoff after the Court has ruled on a motion for class certification and appointment of class counsel to be submitted by Plaintiffs.

4. Anticipated discovery problems

    **X** None

5. Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions, and (3) prepare for trial:

    (1) The parties have already engaged in mediation and lengthy settlement discussions with the assistance of the Court, which were unsuccessful. Settlement discussions now continue on a parallel track with litigation.

    (2) The parties anticipate exhaustive discovery on all issues related to the enforcement of the curfew, to take place contemporaneously with the filing and during the pendency of a motion for class certification and appointment of class counsel to be filed by Plaintiffs.

6. Discovery of Electronically Stored Information. The parties have discussed disclosure, discovery, and preservation of electronically stored information, including the form or forms in which it should be produced:

    **X** Yes

    _____ No

    i. The parties have electronically stored information in the following formats:

    > Body worn camera and surveillance footage, photographs, audio recordings, social media postings, text messages and emails among City and County representatives and agents, documents and communications generated and/or received by City and County personnel, representatives, and agents (including without limitation emails, text messages, and voicemails), other relevant items identified through discovery, and metadata associated with all of the above.

ii. The case presents the following issues relating to disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced:

The parties are not aware of any issue at this time.

7. Claims of Privilege or Protection. The parties have discussed issues regarding the protection of information by a privilege or the work-product doctrine, including whether the parties agree to a procedure to assert these claims after production or have any other agreements under Fed. R. Evid. 502.

**X**   Yes

_____ No

i. The case presents the following issues relating to claims of privilege or of protection as trial preparation materials:

The parties are not aware of any issues at this time.

Have the parties agreed on a procedure to assert such claims AFTER production?

**X**   No

_____ Yes

_____ Yes, and the parties ask that the Court include the following agreement in the scheduling order:

**D.   LIMITATIONS ON DISCOVERY**

1. Changes in the limitations on discovery:

    **X**   Extension of time limitations (currently one day of seven hours) in taking of depositions to:
    14 hours for depositions taken pursuant to Fed. R. Civ. Proc 30(b)(6).

    **X**    Extension of number of depositions (currently 10) to:

    40 depositions by Plaintiffs;
    40 depositions by Defendants (to include both City and County Defendants collectively).

    **X**    Extension of number of interrogatories (currently 25) to:

    100 interrogatories for Plaintiffs to propound upon City Defendants;
    100 interrogatories for Plaintiffs to propound upon County Defendants;
    100 interrogatories for City Defendants to propound upon Plaintiffs;
    100 interrogatories for County Defendants to propound upon Plaintiffs.

<u>The parties may seek further modification of any limits based on the progress of discovery.</u>

**E.**     **PROTECTIVE ORDER**

    **X**    A protective order will likely be submitted to the Court on or before June 28, 2024. The parties currently do not anticipate the need for a protective order. If the parties subsequently deem that one is necessary, they will submit a joint proposed order to the Court. Such order will be in compliance with *Procter & Gamble Co. v. Bankers Trust Co.,* 78 F. 3d 219 (6th Cir. 1996).

**F.**     **SETTLEMENT**

A settlement demand **has** been made. A response **has** been made. Parties are continuing settlement talks while litigation proceeds.

**G.** **MOTION DEADLINES**

    1.    Motion to amend the pleadings and/or add parties by December 13, 2024.

    2.    Motions relative to the pleadings by November 15, 2024.

    3.    The parties will propose a final case management schedule, including a deadline for dispositive motions, after the Court has ruled on a motion for class certification and appointment of class counsel to be submitted by Plaintiffs.  Plaintiffs will file the motion for certification on or before January 24, 2025.

**H.** **OTHER MATTERS PERTINENT TO MANAGEMENT OF THIS LITIGATION**

The parties are not aware of any other matters at this time.

<0>
<0>
<0>
<0>

Respectfully submitted,

| | |
|---|---|
| /s/ Jacqueline Greene<br>Jacqueline Greene (0092733)<br>Alphonse A. Gerhardstein (0032053)<br>FRIEDMAN GILBERT + GERHARDSTEIN<br>35 E. 7th Street, Suite 201<br>Cincinnati, Ohio 45202<br>T: (513) 572-4200 / F: (216) 621-0427<br>jacqueline@FGGfirm.com<br>al@FGGfirm.com<br><br>Sarah Gelsomino (0084340)<br>Elizabeth Bonham (0093733)<br>FRIEDMAN GILBERT + GERHARDSTEIN<br>50 Public Square Suite 1900<br>Cleveland, OH 44113<br>sarah@FGGfirm.com<br>elizabeth@FGGfirm.com<br><br>J. Robert Linneman (0073846)<br>Brian P. O'Connor (0086646)<br>H. Louis Sirkin (0024573)<br>SANTEN & HUGHES<br>600 Vine Street, Suite 2700<br>Cincinnati, Ohio 45202<br>T: (513) 721-4450 /F: (513) 852-5994<br>jrl@santenhughes.com<br>bpo@santenhughes.com<br>hls@santenhughes.com<br><br>*Attorneys for Plaintiffs* | EMILY SMART WOERNER (0089349)<br>CITY SOLICITOR<br>/s/ Scott M. Heenan (consent)<br>Scott M. Heenan (0075734)<br>Katherine C. Baron (0092447)<br>Matt Slovin (0102029)<br>Assistant City Solicitors<br>Room 214, City Hall<br>801 Plum Street<br>Cincinnati, Ohio 45202<br>Phone: (513) 352-3326 / Fax: (513) 352-1515<br>Scott.Heenan@cincinnati-oh.gov<br>Katherine.Baron@cincinnati-oh.gov<br>Matt.Slovin@cincinnati-oh.gov<br>*Attorneys for City Defendants*<br><br>/s/ Kimberly A. Rutowski (consent)<br>Kimberly A. Rutowski (0076653)<br>LAZARUS LAW, LLC<br>525 Vine St., Suite 2210<br>Cincinnati, OH 45202-4322<br>Phone: 513-721-7300 / Fax: 513-721-7008<br>Email: krutowski@hllmlaw.com<br>*Attorney for City Police Officer Defendants*<br>*in their Individual Capacities*<br><br>MELISSA A. POWERS<br>PROSECUTING ATTORNEY<br>HAMILTON COUNTY, OHIO<br><br>/s/ Pamela J. Sears (consent)<br>Pamela J. Sears (0012552)<br>Michael J. Friedmann (0090999)<br>Kathleen Fischer (0087937)<br>Assistant Prosecuting Attorneys<br>230 E. Ninth Street, Suite 4000<br>Cincinnati, Ohio 45202-2151<br>DDN: (513) 946-3082 (Sears)<br>DDN: (513) 946-3197 (Friedmann)<br>Pam.Sears@HCPros.org<br>Michael.Friedmann@HCPros.org<br>Kathleen.Fischer@HCPros.org<br><br>*Attorneys for Hamilton County Defendants* |

**Certificate of Service**

  I certify that on May 10, 2024, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all registered parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

              */s/ Jacqueline Greene*
              Jacqueline Greene (0092733)
              One of the Attorneys for Plaintiffs