IN THE UNITED STATES DISTRICT
COURT SOUTHERN DISTRICT OF
OHIO  WESTERN DIVISION

| | |
|---|---|
| **MAURICE KENNEY,** et al.,<br><br>　　Plaintiffs,<br><br>vs.<br><br>**CITY OF CINCINNATI,** et al.,<br><br>　　Defendants. | Case No. 1:22-CV-295<br><br>Judge Michael R. Barrett |

**PLAINTIFFS' UNOPPOSED MOTION TO SEAL THE
UNREDACTED LIST OF MEMBERS OF THE
SETTLEMENT CLASS AND PROVIDE FOR
CONFIDENTIALITY OF CERTAIN CLASS MEMBER
INFORMATION IN THE ADMINISTRATION OF
THE SETTLEMENT**

　　Plaintiffs, Maurice Kenney, Quinn Moore, Wilder Zeiser (FKA Mary Zeiser), Paula Bennett, Arianna Hicks, Andrew Amrein, Suann Lockard, Kimberly Calloway, Zoe Keller, William Todd Butler as the administrator of the Estate of Chase Butler, and Oxana Prokhorova as the administrator of the Estate of Paulina Prokhorova, individually and on behalf of all others similarly situated, move this Court for an order, pursuant to Southern District of Ohio Local Rule 5.2.1, authorizing the Plaintiffs to submit Exhibit A to the Settlement Agreement in this case under seal and file on the docket a redacted version with certain material omitted.

　　Plaintiffs submit that the filing of the below-described material under seal is for the purpose of ensuring the confidentiality of personal identifying information of the putative class members, as well as protecting the confidentially of information already sealed or expunged by Ohio courts as required by Ohio statute. Good cause exists to maintain this limited material under seal.

　　This Motion is unopposed.

**I.     Background**

Plaintiffs and Defendants have reached an agreement for the resolution of this case and have separately submitted their Joint Motion for Preliminary Approval of Settlement Agreement (ECF No. 33). Exhibit 1 to the Motion is the Settlement Agreement itself. Exhibit A to the Settlement Agreement is a list of every member of the putative class. The class members are all persons for whom the parties uncovered evidence showing that they were arrested, detained, and charged with certain misdemeanors during the 2020 First Amendment protests at issue in this litigation. Specifically, Exhibit A contains each class member's full name and, for many of the class members, additional personal identifying information. The Administrator will use the list as a basis for the notice and claims process. Further, based upon the parties' efforts to identify the class members, Plaintiffs believe that 21 members had their underlying criminal cases sealed or expunged under O.R.C. 2953.32, *et. seq*. The identities of those persons no longer appear on the public criminal docket or anywhere in the public record, but they do appear on Exhibit A.

The Parties have no dispute as to the eligibility or identity of any member of the putative class. However, two issues have arisen that require Plaintiffs to seek this limited sealing order. First, Exhibit A contains the personal identifying information of nearly 500 people who were criminally charged related to their First Amendment activity. The putative class members did not themselves bring this lawsuit. They have an interest in maintaining the privacy of their personal contact information that outweighs any public interest in the disclosure of that information.

Second, under O.R.C. 2953.34, Defendants as public agencies and officers are prohibited from disclosing the fact that any person was subject to criminal prosecution or conviction if said proceedings were sealed. To protect this obligation as well as to protect the statutory rights of the

class members with sealed records, Plaintiffs wish to submit the names of those 21 class members with state court sealing or expungement orders under seal in this Court.

**II.     Legal argument**

It is well established in the Sixth Circuit that a district court may seal parts of a record that are independently protected from disclosure by a statute, or that there is otherwise a privacy or security interest in sealing. *See e.g. Shane Group, Inc. v. Blue Cross Blue Shield*, 825 F.3d 299, 307 (6th Cir. 2016). When a court issues an order sealing such materials, it must state the reasons for the decision on the record. (*Id.*) While the redaction of information from the public record must be narrowly tailored, courts have recognized a compelling privacy interest supporting the sealing of personal identifying information including that of putative class members and third parties. Courts have also recognized a compelling interest in sealing information that is otherwise non-public as a matter of state or federal statute. *See, e.g., Coleman v. Allegheny Cty.,* No. 2:21-cv-2103, 2023 WL 8566311, at *2 (setting forth *Shane Grp.* Analysis and sealing documents containing third party identifying information as well as information protected by Ohio law); *see also, e.g., Peloe v. Univ. of Cincinnati,* No. 1:14-cv-404, 2014 WL 5448868, at *1–2 (S.D. Ohio Oct. 23, 2014) (redacting personal identifying information of college students) *Krakauer v. Dish Network, L.L.C.*, No. 14-cv-333, 2015 WL 12750446, at *1–2 (M.D.N.C. Nov. 18, 2015) (ordering the redaction of plaintiff's home address, email addresses, and phone numbers, as well as personal identifying information of putative class members;*); United States v. Dish Network, L.L.C.*, 943 F. Supp. 2d 891, 894 (C.D. Ill. 2013)(redacting personal identifying information such as telephone numbers, mailing addresses, and e-mail addresses).

Here, balancing the privacy interests and state statutory interests against any public interest in disclosure, and given the narrow tailoring proposed for the redaction order, both categories of

items that Plaintiffs seek to seal are appropriate for sealing under the law.

First, there is good cause to seal the personal identifying information such as addresses, email addresses, and phone numbers of the class members listed in Exhibit A, such that a version of the exhibit with names only appears on the public docket, and a full version is accessible to the parties, Court, and settlement Administrator. The public has no interest in knowing the personal contact information of all these putative class members. On the other hand, the class members have a recognized privacy interest in not having their personal contact information associated with this lawsuit, particularly as their First Amendment speech and past activism are at issue in the case, and as they are entitled to receive financial awards as part of the relief.

Second, there is also good cause to seal the names of those 21 class members who have had their underlying criminal cases sealed or expunged under Ohio law. O.R.C. 2953.32, *et. seq*. requires the protection of confidentiality for persons who had their records sealed or expunged. The statute and the policy behind the statute applies in this case and would be vindicated by granting this motion. The sealing of these peoples' names from the public record also protects Defendants' legal obligations not to disclose the facts of criminal proceedings that were sealed.

In these respects, the requested order is no more broad than it needs to be in order to comply with Ohio law and recognized privacy interests.

### III.  Conclusion

For the foregoing reasons, Plaintiffs request that this Court:

1) grant leave for Plaintiffs to submit redacted copies of Exhibit A to the Settlement Agreement in all public filings;

2) grant leave for Plaintiffs to permit the filing under seal of unredacted copies of Exhibit A to the Settlement Agreement; and

4

3) order that the identities of persons whose records were sealed or expunged by maintained as confidential by the Administrator during the course of administration of the settlement.

Plaintiffs submit that the request is supported by existing case law as well as a statute that specifically mandates such confidentiality and that there is in all other ways good cause to support the order.  Plaintiff has presented this Motion to Defendants in advance of filing and the same have advised that they have no objection.

    Respectfully submitted,

*/s/ J. Robert Linneman*
J. Robert Linneman (0073846)
Brian P. O'Connor (0086646)
H. Louis Sirkin (0024573)
SANTEN & HUGHES
600 Vine Street, Suite 2700
Cincinnati, Ohio 45202
T: (513) 721-4450 / F: (513) 852-5994
jrl@santenhughes.com
bpo@santenhughes.com
hls@santenhughes.com

Jacqueline Greene (0092733)
Alphonse A. Gerhardstein (0032053)
FG+G
35 East 7 Street, Suite 201
Cincinnati, Ohio 45202
T: (513) 572-4200 / F: (216) 621-0427
jacqueline@FGGfirm.com
al@FGGfirm.com

Sarah Gelsomino (0084340)
Elizabeth Bonham (0093733)
FG+G
50 Public Square Suite 1900
Cleveland, OH 44113
T: (16) 241-1430 / F: (216) 621-0427
sarah@FGGfirm.com
elizabeth@FGGfirm.com

*Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

 The undersigned hereby certifies that on December 17, 2025, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system. The parties may access this filing through the Court's system.

          */s/ Jacqueline Greene*
          Jacqueline Greene (0092733)